UNITED STATES v. SCHOONMAKER et al.

(Circuit Court, W. D. Texas, El Paso Division. April 8, 1899.)

CONTINUANCE—SUFFICIENCY OF APPLICATION.

An application for continuance by a plaintiff on account of the absence of a witness, in addition to showing the diligence of the party to obtain the attendance of the witness, should disclose the substance or effect of his testimony, that it may appear not only that it is material, but that it will tend to support plaintiff's cause of action, and also that the personal presence of the witness is necessary.

On Motion for Continuance.

Henry Terrell, U. S. Dist. Atty.
T. J. Beall, for defendants.

MAXEY, District Judge. The district attorney brought this suit in behalf of the government to recover of D. W. Schoonmaker and the sureties on his bond the sum of $1,138.95 for the alleged failure on the part of Schoonmaker to construct a frame cavalry stable at Ft. Bliss

according to the provisions of his contract. The parties to the contract were Schoonmaker, in his own behalf, and George Ruhlen, assistant quartermaster of the United States army, representing the government.

The question for determination arises upon a motion made by the district attorney to continue the case for want of the testimony of Quartermaster Ruhlen. This is the third application made by the government for a continuance. The petition in the cause was filed on the 6th of March, 1897. On April 8th following, the cause was continued by agreement of counsel, and on October 5, 1897, it was continued on the application of the defendants. On April 5, 1898, and again on October 5, 1898, it was continued upon the application of the government. As before stated, the government is now seeking a continuance for the third time. The present application of the district attorney, pretermitting certain correspondence therein mentioned, is as follows:

"Now comes Henry Terrell, United States attorney, Western district of Texas, representing the plaintiff herein, and asks the court to continue this cause for the following reasons, to wit: One Lieutenant Colonel George Ruhlen, chief quartermaster United States volunteers, is the chief witness for plaintiff in this cause, and his testimony is material herein, in this: That the cause of action is for a breach of contract in the construction of certain cavalry stables for plaintiff at Ft. Bliss, Texas; that the said Lieutenant Colonel George Ruhlen was, on the part of plaintiff, in charge of said construction; that, upon the breach of said contract by defendant, the said Ruhlen, representing the United States, took charge of said work, and completed same; that he alone knows and is able to testify as to the condition of the accounts between plaintiff and defendant, and as to what balance is due the said plaintiff for said breach; that it is and has been impracticable to take the testimony of the said Ruhlen by deposition on account of the character of said Ruhlen's testimony, the same being a long and intricate account of debits and credits, covering the construction of said stables, partly by defendant, and partly by plaintiff, and hence impossible to give the court a clear understanding of the rights of plaintiff and defendant without the personal presence and oral testimony of said Ruhlen. The plaintiff further says that he has used all diligence to secure the attendance of the said Ruhlen, as appears by the following correspondence with the solicitor of the treasury: * * *. The facts in the knowledge of Colonel Ruhlen cannot be obtained from any other source. That the said George Ruhlen is now stationed, by order of the war department of the United States, at Honolulu, Hawaiian Islands, United States. The plaintiff is anxious to dispose of the case, but for reasons set forth cannot safely go to trial. This application is not made for delay, but that justice may be done. * * *"

The correspondence above referred to discloses that on September 16, 1898, the district attorney requested the attorney general to secure, through the war department, the presence of Col. Ruhlen at the October term, 1898, of the court. On September 27th, the war department advised the attorney general that Col. Ruhlen was on duty at Honolulu, and could not attend the court. On the 28th of January, 1899, the district attorney applied to the solicitor of the treasury to have Col. Ruhlen report as a witness at El Paso, and in this letter it is said by the district attorney that, "* * * in order to try the case, it will be necessary to have Major George Ruhlen, U. S. army, ordered to El Paso to testify. It is impracticable to take his testimony by deposition. The court has set case for first day in April of the term, and,

unless the government is ready, he will grant motion to dismiss. I trust the department will render me promptly all aid possible to get this case ready. I inclose copy of petition." The solicitor of the treasury, in his reply of January 31, 1899, informed the district attorney that he had requested the secretary of war to detail Col. Ruhlen to attend the trial; and, on the 28th of February following, the solicitor wrote further that the quartermaster general had notified him that Col. Ruhlen was then stationed at Honolulu, and it would be against the interests of the public service to take him away from his duties. From the correspondence, it is apparent that the district attorney has used reasonable diligence, without effect, to secure the presence of Ruhlen. But is that alone sufficient? There is nothing in the application to show to what Ruhlen would testify, if present. For aught that appears on the face of the papers, Ruhlen's testimony might disclose that the government has no case against the defendants. In other words, neither the substance nor effect of what Ruhlen would testify to is set out in the application; and hence it is not shown that the government would be able to make out its case, as alleged, were Ruhlen present as a witness. The materiality of his testimony is not disclosed. The district attorney doubtless regards him as a material witness; for it is alleged in the application "that he alone knows and is able to testify as to the condition of the accounts between plaintiff and defendant, and as to what balance is due the said plaintiff for said breach." But upon which side of the ledger does the balance stand? If the defendants are really indebted to the government, the application for continuance should disclose the fact, and, further, that Ruhlen's testimony would establish, at least prima facie, the cause of action.

But for another reason the application should be denied. The court is not satisfied that Ruhlen's personal presence is either indispensable or necessary. The district attorney insists that the court would be unable to obtain a clear understanding of the rights of the parties from the deposition of the witness, because of the fact that it would be necessary to state a long and intricate account of debits and credits, which could not be satisfactorily done except by the witness on the stand. The reverse would be more nearly true. In order to thoroughly understand intricate accounts, they must be stated in writing; and such work may be more intelligently and accurately done by a party in the quiet and privacy of his own office. While litigants should be accorded all reasonable opportunities to prepare their causes for trial, the court is of the opinion that it would be neither right nor just to the defendants, under the circumstances of this case, to grant a further continuance of the cause. The application will therefore be denied. Ordered accordingly.